UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GLENN MORTON,

    Plaintiff,                        Hon. Janet T. Neff

v.                                      Case No. 1:16-cv-1270

BANK OF AMERICA
HOME LOANS SERVICING, LP, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss, (ECF No. 12), Plaintiff's Motion to Strike, (ECF No. 14), and Defendant's Motion to Dismiss, (ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted**, Plaintiff's motion **denied**, and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On March 15, 2003, Plaintiff executed a promissory note and mortgage in the amount of two hundred thousand dollars ($200,000.00) in favor of Countrywide Loans, to facilitate the purchase of property located at 2261 Forest Hill Avenue, SE, Grand Rapids, Michigan. More than six (6) years later, on November 3, 2009, Plaintiff requested from Countrywide, and other entities, certain information and documentation "relative to the accounting and servicing" of his mortgage loan.

After receiving no response to this request, Plaintiff cancelled the aforementioned loan, effective December 1, 2009. Pursuant to this purported cancellation, Countrywide was obligated to perform the following actions: (1) cancel the loan transaction; (2) "return the original promissory note or its monetary equivalent"; (3) return all payments made by Plaintiff on the loan; (4) file a cancellation of mortgage with the Kent County Register of Deeds; and (5) "forward all funds generated by the securitization of Plaintiff's promissory note." Countrywide failed to perform these actions or otherwise challenge Plaintiff's purported loan cancellation.

Plaintiff initiated the present action on October 26, 2016, against Bank of America, the successor entity to Countrywide, and two Bank of America employees. Plaintiff alleges that Defendants violated the Truth in Lending Act (TILA), engaged in unlawful foreclosure, and committed fraud. Plaintiff seeks injunctive and monetary relief. Defendants now move to dismiss Plaintiff's action on various grounds, including res judicata. Plaintiff has responded by moving to strike Defendants' motions. Plaintiff also moves for summary judgment.

## ANALYSIS

**I.        Plaintiff's Motion to Strike and Motion for Summary Judgment**

Plaintiff seeks to strike Defendants' motions to dismiss on the ground that Defendants' arguments have no legal merit. Such is not a basis, however, to strike a party's pleading. Accordingly, the undersigned recommends that Plaintiff's motion to strike be **denied**. The Court will instead consider Plaintiff's motion as his opposition to Defendants' motions. To the extent Plaintiff requests that summary judgment be entered in his favor, the undersigned recommends that such be **denied** for the reasons articulated below.

**II.        Defendants' Motions to Dismiss**

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).  Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09.  All the elements of res judicata are satisfied in this instance.

In the very first sentence of his complaint, Plaintiff concedes that the present action is not the first time he has litigated this matter.  In 2012, Plaintiff initiated an action in state court against Bank of America and others alleging wrongful conduct concerning the aforementioned loan and subsequent foreclosure of the property in question.  (ECF No. 13, Exhibit E).  The matter was subsequently removed to federal district court. *Morton v. Bank of America*, 1:12-cv-511 (W.D. Mich.).  A final decision on the merits of the claims against Bank of America was entered by the Honorable Robert Holmes Bell on December 13, 2013. *Morton v. Bank of America*, 1:12-cv-511, ECF No.63, 67, 70 (W.D. Mich.).

The present action is asserted against Bank of America and two employees of Bank of America.  Plaintiff's previous action was also asserted against, among others, Bank of America.  While the two individuals sued in the present action were not defendants in the previous action, privity exists between these individuals and their employer, Bank of America, which was named as a defendant in

both of Plaintiff's lawsuits.  *See*, *e.g., Easterling v. Cassano's Inc.*, 2017 WL 1546484 at *3 (S.D. Ohio, May 1, 2017) (for res judicata purposes, privity exists between an employer and its employees); *Dumas v. Baldwin House Management*, 2015 630820 at *3 (E.D. Mich., Feb. 12, 2015) (same).

The issues asserted in the present action were asserted, or could have been asserted, in the previous action.  Finally, the claims asserted in the present action are, for res judicata purposes, identical to the claims asserted in the previous action as they arise from the same transaction. *See, e.g., Butler v. FCA US, LLC*, 119 F.Supp.3d 699, 707 (E.D. Mich. 2015) (claims arising from the same transaction satisfy the res judicata identity element).  In sum, all four elements of the res judicata analysis are satisfied.  The present action, therefore, fails to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Accordingly, the undersigned recommends that Defendants' motion to dismiss be **granted**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 12), be **granted**; Plaintiff's Motion to Strike, (ECF No. 14), be **denied**; Defendant's Motion to Dismiss, (ECF No. 17), be **granted**; and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                        Respectfully submitted,

Date:  May 22, 2017                                                 /s/ Ellen S. Carmody
                                                                       ELLEN S. CARMODY
                                                                       United States Magistrate Judge